[Civ. No. 9293. Third Dist. May 15, 1958.]

J. L. PRICE et al., Appellants, v. EARLE M. BRIGGS et al.,
Respondents.

L. C. Smith for Appellants.

Larimer & Frost for Respondents.

VAN DYKE, P. J.—This is an appeal from a judgment based upon an order sustaining a demurrer to a second amended complaint without leave to amend.

Plaintiffs, who are appellants here, alleged as follows: That from 1943 until 1951 plaintiffs and defendants were joint owners of ranch property in Glenn County and during that time were copartners in the ownership and operation thereof; that defendants, respondents here, managed the partnership business and kept the books and records thereof; that they kept no adequate or formal books of account; that in July of 1950, the partners began negotiating for a dissolution of the partnership and a settlement of its affairs between them and in the course of such negotiations plaintiffs requested of defendants a complete record of partnership affairs, but defendants made available to them only unintelligible scratch memorandums and scraps of papers which represented an unintelligible, inadequate and incomplete record of the financial and business affairs of the partnership; that plaintiffs have never been permitted by defendants to make a complete examination of the partnership records, all of which are in the exclusive possession and control of defendants; that notwithstanding the foregoing, and on the 17th day of March, 1951, the partners entered into a written agreement whereby the partnership was dissolved and the affairs thereof were settled and plaintiffs sold their interest to defendants for a fixed sum; that while the negotiations for dissolution and settlement were progressing, defendants employed an accountant to review the partnership records and to prepare a formal accounting and book of accounts based thereon; that the accountant did this and that defendants paid him for his services with partnership funds; that the formal accounting and book of accounts so prepared by the accountant constitute a part of the books and records of the partnership; that ever since the preparation thereof defendants have had and still have the same in their possession; that now a demand has been made upon plaintiffs by the Bureau of Internal Revenue to produce a full and complete record of the financial and business affairs of the partnership, including the formal accounting and book of accounts prepared by said accountant for the purpose of a determination of plaintiffs' income tax

liability arising out of said partnership enterprise; that unless said information is produced plaintiffs stand in danger of heavy income tax penalties; that defendants have refused all requests of plaintiffs for permission to have plaintiffs' accountants examine the formal accounting and book of accounts referred to; that by reason of said refusals plaintiffs have been required to needlessly employ and pay for the services of accountants, investigators and attorneys in an attempt to determine their income tax liability aforesaid and that the reasonable value of such services is the sum of $5,000. Plaintiffs prayed that defendants be compelled by the court to permit plaintiffs' agents to examine the said formal accounting and book of accounts in order that their income tax liability could be properly settled and determined. They also prayed for a judgment in the sum of $5,000 as damages for the expenses they have needlessly been put to.

It appears that appellants informed the court that if it considered the second amended complaint did not state a cause of action and therefore was subject to a general demurrer they required no further leave to amend and judgment of dismissal might be entered subject to their rights to review the action on appeal.

The judgment must be reversed. It is alleged that the formal accounting and book of accounts are partnership records, paid for by partnership funds; that they still exist and are in the possession of respondents; that respondents refuse to permit a reasonable inspection thereof by appellants. These allegations state a cause of action for a decree of equity compelling the respondents to make the said records available to appellants. Although it is true that, in view of the dissolution of the partnership, the settlement of its affairs and the sale to respondents of appellants' interest in the assets thereof, no obligation existed on the part of respondents, at their own expense, to maintain and keep available to appellants the partnership records (68 C.J.S. Partnership, p. 870), the fact is that they have been kept, are readily available and respondents have them. There seems no reason why, if records have been kept, a reasonable inspection for a valid purpose should not be ordered under conditions safeguarding the interests of respondents. In *Sanderson* v. *Cooke*, 256 N.Y. 73 [175 N.E. 518], referred to by Corpus Juris Secundum, it was said that, although a limited partner had transferred his property interest in the books and records of the partnership to a new firm and, therefore, was not entitled absolutely,

as a matter of right, to an examination of them because his property interest therein had ceased, this did not mean that he could not "at any time have an examination of the books for any sufficient reason recognized by law." The court said at page 522:

". . . Equity is very liberal in permitting a partner to examine the partnership books, even when the property in them has passed into other hands. Any plausible or sufficient reason for the protection and enforcement of rights or for the preservation of evidence will move the court. Equity will not, however, in the absence of such property right, direct the extensive examination here demanded in the absence of any reason or necessity therefor, or without any excuse other than the mere desire of the plaintiff to exercise a naked right."

We hold that if the allegations of the complaint are proved appellants will be entitled to an order of the court, under proper safeguards, of course, giving them a reasonable opportunity to inspect the books and records of the partnership, including the formal accounting and book of accounts referred to for the purposes for which such inspection is demanded; and if there be any reason why appellants have forfeited such right, or why it would be inequitable to allow them to exercise it, such matters are matters of defense.

 Respondents by demurrer present the defense of the statute of limitations, alleging that the action is barred by various sections of the Code of Civil Procedure. However, the complaint does not show on its face that the action is barred and, consequently, that defense cannot be raised by demurrer. (31 Cal.Jur.2d, Limitation of Actions, p. 657.)

 Finally, respondents contend that various special demurrers interposed by them are good and that, therefore, the judgment cannot be reversed under the circumstances disclosed by this record. The special grounds are that the complaint contains a cause of action for alleged breach of contract and a cause of action for alleged fraud, which causes are not separately stated. As we view the pleadings, although there are allegations concerning agreements touching the keeping of the books and the right of appellants to inspect, and allegations that the refusal of the right of inspection was done maliciously, fraudulently, etc., these allegations do not constitute the pleading of several causes of action. The single cause of action pleaded is the right under the facts without regard to the motives of the respondents in refusing inspection and

without regard to any oral or written contract upon the matter to have under the circumstances pleaded a right of inspection of the records. We have held that this cause of action has been sufficiently pleaded. The special demurrers, therefore, are not well taken.

The judgment appealed from is reversed.

Peek, J., and Schottky, J., concurred.